IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 2 1 2003

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERNESTO OLIVAS-MERAZ,

Defendant.

No. CIV-03-0197 MV/LFG
CR-01-155 MV

MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside or correct sentence under 18 U.S.C. § 2255 (CIV Doc. #1; CR Doc. #43) filed February 10, 2003. Rule 4(b) Governing Section 2255 Proceedings. Defendant was charged with possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The statutory minimum prison sentence for this offense is 5 years, and the maximum is 40 years. § 841(b)(1)(B). Defendant pled guilty, and on February 27, 2002, the Court imposed the minimum statutory sentence of sixty months' imprisonment for Defendant's conviction. This term is within the Sentencing Guidelines range for Defendant's offense level of 23 and criminal history category III, as found by the Court at sentencing.

In his motion, Defendant claims he did not waive the requirement of proof beyond a reasonable doubt, and his attorney should have moved for evidentiary consideration of the weight of the seized marijuana. He also claims the indictment was defective for failure to charge a specific quantity of drugs, and his sentence calculation should have included a reduction for his role as a minor participant.



The motion will be dismissed.

No relief is available on Defendant's claim that his attorney should have sought evidentiary consideration of the weight of the seized marijuana. Because Defendant pled guilty, no trial was held and thus no evidentiary matters were implicated by Defendant's conviction. *Davidson v. United States*, 349 F.2d 530, 534 (10th Cir. 1965) (guilty plea "eliminated any necessity for the production of evidence on behalf of the government.").

Defendant's claim of defective indictment under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is likewise unavailing. First, the rule announced in *Apprendi* "is not a watershed decision and hence is not retroactively applicable to initial habeas petitions." *United States v. Mora*, 293 F.3d 1213, 1217-19 (10th Cir. 2002), *cert. denied*, *Mora v. United States*, --- U.S. ---, 123 S.Ct. 388 (2002). Second, Defendant received the statutory minimum sentence, and "the rule of *Apprendi* applies only to cases for which a sentence was imposed beyond the statutory maximum . . . ." *United States v. Rojas-Mendoza*, No. 00-1148, 2001 WL 10245, at **2 (10th Cir. Jan. 4, 2001). And finally, no relief is available on the claim that Defendant's sentence calculation should have included a reduction for his role as a minor participant, because he received the minimum statutory sentence. Defendant's sentence was legal and he is not entitled to relief. Rule 4. The motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside or correct sentence under 18 U.S.C. § 2255 (CIV Doc. #1; CR Doc. #43) filed February 10, 2003, is DISMISSED with prejudice; and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE